# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILLIE L. HENRY, JR.**   **PLAINTIFF**

**v.**   **No. 4:14CV5-MPM-SAA**

**CHRISTOPHER EPPS, ET AL.**   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Willie Lee Henry who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Henry alleges that the defendants violated the Eighth Amendment prohibition against cruel and unusual punishment by placing him in housing where he was exposed to environmental tobacco smoke. The defendants have filed a motion [48] for summary judgment; the plaintiff has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the motion by the defendants for summary judgment will be granted, and judgment will be entered for the defendants.

## Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629,

633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).  After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).  Substantive law determines what is material.  *Anderson*, 477 U.S. at 249.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248.  If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented.  *Celotex*, 477 U.S. at 327.  "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).  The facts are reviewed drawing all reasonable inferences in favor of the non-moving party.  *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

At all times pertinent to the present cause, Willie Lee Henry was an inmate in the custody of the Mississippi Department of Corrections ("MDOC"). Henry is currently in the Free World, as he was recently released on parole [44]. He filed the instant complaint on January 15, 2014, alleging that when he was transferred back to the Mississippi State Penitentiary on August 22, 2013, from the Marshall County Correctional Facility (MCCF) that environmental tobacco smoke in his unit aggravated his pre-existing asthma condition. This, in turn, caused him to use a large amount of asthma inhalers [1 at 4]. Henry states that he was seen in the medical clinic at the Mississippi State Penitentiary for irritated eyes and throat from tobacco smoke from November 17, 2013, through November 23, 2013 [1 at 6]. During that time his eyes were constantly swollen and burning and his throat was scratchy and sore, all as a result exposure to tobacco smoke[1 at 6]. On November 26, 2013, he submitted a sick call request for shortness of breath, sore throat, and burning eyes – and was seen in the Mississippi State Penitentiary medical clinic on December 3, 2013 [1 at 6-7]. Henry was treated for his complaints with two injections on December 3, 2013, and breathing treatments on five occasions from December 4, 2013, through December 8, 2013 [1 at 7]. Henry underwent a chest x-ray on December 10, 2013 [1 at 7].

In response to Henry's complaints about tobacco smoke, Deputy Warden Marshall Turner visited him on December 11, 2013. Henry then received correspondence on December 16, 2013, from Warden Ron King advising him that Turner had found no evidence of smoking in the his unit – and urging Henry to report offenders who are smoking in his unit to staff for immediate corrective action [1 at 7, 15]. Henry refused to provide information to staff regarding the identity of smokers in his unit because he did not want "[the Mississippi Department of Corrections to] use [him] as an informant and put [his] life in danger." [1 at 7]. Henry seeks monetary damages and injunctive relief

to prevent exposure to environmental tobacco smoke, as well as release from custody or transfer to a smaller regional facility [1 at 5].

## Injunctive Relief

The transfer of a prisoner out of the institution out of which his complaints arise renders his requests for injunctive relief moot. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Zajrael v. Harmon*, 677 F.3d 353, 355 (5th Cir. 2012); See also *Daniels v. Waller*, 2006 WL 763115 at *1 (S.D. Miss. 2006.) To show that his claims for injunctive relief have not become moot, Henry must show that the claims are "capable of repetition yet evading review," *Harwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975), by showing it likely that his parole would be revoked and he would return to Mississippi Department of Corrections custody – and again be exposed again to environmental tobacco smoke. *Oliver*, 276 F.3d at 741. Henry has not made that showing; as such, his claims for injunctive relief will be dismissed as moot.

## Environmental Tobacco Smoke

Henry's only claim is that the defendants have violated the Eighth Amendment prohibition against cruel and unusual punishment by permitting him to be exposed to environmental tobacco smoke. The two-pronged analysis regarding a prisoner's Eighth Amendment claims regarding exposure to environmental tobacco smoke can be found in *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). First, a prisoner must provide objective evidence that he is "being exposed to unreasonably high levels of [environmental tobacco smoke]." *Helling*, 509 U.S. at 35. To analyze the first prong, the court must assess the seriousness of the potential harm and the likelihood that environmental tobacco smoke will actually cause such harm. *Helling* at 36. The court must find "whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id*. Sporadic and fleeting exposure to second-

hand smoke, even if it causes coughing and nausea, does not rise to the level of a constitutional violation. *Id.*; *see also Oliver v. Deen*, 77 F.3d 156, 158 (7th Cir. 1996) (denying Eighth Amendment claim by asthmatic that smoke caused him to wheeze, gasp for breath and suffer dizziness and nausea). Indeed, even sustained exposure to second-hand smoke has failed to rise to the level of an Eighth Amendment violation. *Oliver*, 77 F.3d at 159 (133 days of sharing cell with smoker fails to state Eighth Amendment claim); *Guilmet v. Knight*, 792 F.Supp. 93 (E.D. Wash. 1992) (sharing cell with smoker for 15 days did not "pose . . . an unreasonable risk to [the non-smoking inmate's health], much less [deny him] 'the minimal civilized measure of life's necessities.'")

Under the second prong of the *Helling* test, a prisoner must show that prison officials have subjectively demonstrated "deliberate indifference" to his situation. *Id.* To prove deliberate indifference, a prisoner plaintiff must prove that a prison official actually knows that an inmate faces a substantial risk, but nonetheless fails to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811. The official must be aware of facts from which an inference may be drawn that a substantial risk of serious harm exists – and must actually draw the inference. *Id*. The plaintiff must show that the defendant acted with "obduracy and wantonness, not inadvertence or error in good faith." *Callicut v. Anderson*, 48 Fed.Appx. 916, 2002 WL 31114947, at *2 (citing *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

With this standard in mind, courts should consider the following factors in evaluating deliberate indifference to ETS: "the adoption of a smoking policy; the administration of that policy; and 'the realities of prison administration.'" *Id*. (citing *Helling*, 509 U.S. at 36-37). As an initial matter, Henry has not satisfied the first prong of the *Helling* test – as he has presented only vague and conclusory allegations that he has been exposed to unreasonably high levels of environmental tobacco smoke without documentary support. Conclusory allegations are not, however, competent summary

judgment evidence. *See Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir.1994). In addition, Henry alleges only that the tobacco smoke caused wheezing and eye and throat irritation. As set forth above, under the holdings in *Helling* and *Oliver, supra*, this level of discomfort does not rise to the level of a constitutional violation. ("[S]poradic and fleeting exposure" to [environmental tobacco smoke] does not constitute "unreasonably high levels," even it if it "unwelcome and unpleasant" and causes plaintiff discomfort, such as nausea and coughing. *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)). Henry's medical records also show that Henry's problems with tobacco smoke were merely "sporadic and fleeting," resulting only in irritation to the throat and eyes. *See Henry's MDOC Medical Records, Bates Numbered 1-440.* Henry's medical records show only that he received regular treatment for his preexisting asthma condition, mostly with the use of an inhaler, and he has provided no medical evidence that he was treated for exposure to tobacco smoke.

Moreover, Henry has not satisfied the second prong of the *Helling* test – that the defendants were deliberately indifferent to his serious medical needs by permitting Henry's exposure to tobacco smoke. Through a July 1, 2012, change in policy, all Mississippi Department of Corrections facilities and property became tobacco-free, and any offender found in violation of this policy is subject to punishment. [1 at 12]. Henry's complaints were investigated by Deputy Warden Marshall Turner; however, Henry simply did not agree with the Turner's findings. [1 at 15]. Certainly, Henry has not shown that any defendant "[knew] of and disregard[ed] an excessive risk to [Henry's] health or safety;" as such, he has not shown that any defendant acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Henry's claims arising out of exposure to environmental tobacco smoke must be dismissed.

## Conclusion

For the reasons set forth above, the motion by the defendants for summary judgment will be granted; the plaintiff's claims for injunctive relief will be dismissed as moot; judgment will be entered for the defendants as to the plaintiff's claims regarding exposure to environmental tobacco smoke, and this case will be closed.

**SO ORDERED**, this, the 15th day of May, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**